IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO POLLACE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  06-05156 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

Giles, J.                                                                                                                February 6, 2008

**I.  INTRODUCTION**

Angelo Pollace seeks judicial review under 42 U.S.C. §§ 405(g) and/or 1393(c)(3) of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Social Security Disability Insurance ("SSDI") Benefits and Supplemental Security Income ("SSI") Benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq. and 1381 et seq.  Plaintiff filed a Request for Review seeking reversal of the Commissioner's decision and a judgment awarding him benefits or, alternatively, remand for further action consistent with the court's decision.  Defendant filed a Response to Request for Review, arguing that substantial evidence supports the Commissioner's decision that Plaintiff was not disabled.  For the reasons that follow, Plaintiff's Request for Review is DENIED because the Commissioner's decision that Plaintiff was not disabled is supported by substantial

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and, pursuant to Fed. R. Civ. P. 25(d)(1), should be substituted for former Commissioner Jo Anne B. Barnhart as the official defendant in this matter.

1

evidence.

## II.  PROCEDURAL HISTORY

On October 5, 2004, Plaintiff filed an application for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits, alleging a disability onset date of November 16, 2004.[2]  (R. 27, 66-68, 216-20.)  After the claim was denied at the initial level of the administrative appeals process on March 28, 2005, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on May 25, 2005.  (R. 49-54.)  On March 2, 2006, Plaintiff, represented by counsel, appeared at the hearing.  (R. 25-47.)

On June 5, 2006, the ALJ found that Plaintiff was not disabled and denied Plaintiff's claim.  (R. 13-23.)  Plaintiff then filed a Request for Review of the ALJ's decision with the Appeals Council on June 20, 2006, which was denied on September 22, 2006.  (R. 5-8, 13-23.)  After the Appeals Council's denial of his appeal, Plaintiff filed a complaint pursuant to 42 U.S.C. § 405(g) and/or 1383(c)(3) in this court on November 22, 2006.

## III.  FACTUAL BACKGROUND

Plaintiff was born on September 16, 1970.  (R. 22, 30.)  He was 35 years old on the date of the ALJ's decision, (R. 66), and is classified as a "younger individual" pursuant to 20 C.F.R. §§ 404.1563, 416.963.  Plaintiff has a high school education.  (R. 22, 31, 91.)  He has past relevant work as a carpenter, construction laborer, roofer, and stockperson.  (R. 87-88.)

---

[2] Citations to the administrative record will be indicated by "R." followed by the page number.

On November 16, 2004, Plaintiff was involved in an automobile accident, in which he sustained injuries to his left leg, requiring surgery. (R. 27, 34, 147-52, 164-76.) The ALJ determined that Plaintiff suffers from status post open reduction internal fixation of left acetabular fracture and status post open reduction internal fixation of left tibial plateau with bone graft. (R. 17.) Plaintiff further claims that he suffers from weakness and atrophy in the left leg.

## IV.  STANDARD OF REVIEW

When a district court reviews a decision of the Commissioner, review is limited to the Commissioner's final decision. 42 U.S.C. § 405(g); Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the decision must be upheld, even if this court would have reached a different conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). In this context, substantial evidence is more than mere scintilla, but may be somewhat less than a preponderance of the evidence. Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971). Review of "an agency's interpretation of legal precepts, as demonstrated by its application of such precepts to the facts," is plenary. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1191 (3d Cir. 1986).

## V.  DISCUSSION

To establish eligibility for SSDI and SSI, a plaintiff has the burden to show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A) (2002).  To determine disability, the Social Security Administration applies a five-step test.  20 C.F.R. § 416.920; Burns v. Barnhart, 312 F.3d 113, 118-19 (3d Cir. 2002).

At step one, the Commissioner must determine whether a claimant is engaged in "substantial gainful activity."  20 C.F.R. § 416.920(b); Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  If so, then he is not disabled.  Id.  At step two, the Commissioner must determine whether claimant suffers from a "severe" impairment or combination of impairments.  20 C.F.R. § 416.920(c).  If not, the claimant is determined not to be disabled.  Id.  At step three, the Commissioner must determine whether the claimant's severe medical impairment(s) meet or equal the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.920(d).  Id.  If so, the claimant is disabled.  Id.  If the claimant's impairment(s) do not meet a listed condition, the Commissioner proceeds to step four to determine whether a claimant retains the residual functional capacity ("RFC") to perform his past relevant work.  20 C.F.R. § 416.920(e)-(f); Plummer, 186 F.3d at 428.  "Residual functional capacity is defined as 'what a claimant can do despite his limitations.'"  Burns, 312 F.3d at 119 (quoting 20 C.F.R. § 416.945(a)).  If the claimant retains such capacity, he is not disabled.  Plummer, 186 F.3d at 428.  If not, the Commissioner proceeds to step five.  Id.  At this final step, the burden of production shifts to the Commissioner to demonstrate that there are jobs existing in significant numbers in the national economy that the claimant can perform given his medical impairments, age, education, past work experience, and RFC.  20 C.F.R. § 416.920(e), (g); Plummer, 186 F.3d at 428.

The ALJ found that: (1) Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2008; (2) Plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision; (3) Plaintiff's severe impairments are status post open reduction internal fixation of left acetabular fracture and status post open reduction internal fixation of left tibial plateau with bone graft; (4) Plaintiff's impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1, 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926; (5) Plaintiff has the RFC to meet the exertional demands of light work, can lift and carry up to 20 pounds occasionally and 10 pounds frequently, and can stand, walk, and sit up to six hours each in an eight hour work day with normal breaks; (6) Plaintiff is unable to perform any past relevant work; (7) Plaintiff is classified as a younger individual; (8) Plaintiff has a high school education and can communicate in English; (9) transferability of job skills is not material to the determination of disability due to Plaintiff's age; (10) considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; and (11) Plaintiff has not been under a disability from November 16, 2004 through the date of the ALJ's decision. (R. 17-23.)

Plaintiff appeals the decision of the ALJ and argues that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence. Plaintiff alleges errors at step four of the sequential evaluation, including error: (1) by finding Plaintiff capable of a full range of light work when the evidence of record supports a lesser RFC; and (2) by giving considerable weight to the assessment of a state agency adjudicator. In the alternative, Plaintiff argues that the case should be remanded to the Commissioner for consideration of new and material evidence.

The Commissioner counters that the ALJ's decision is well-supported and should be upheld. Upon careful review of the entire record, the court concludes that the ALJ's RFC determination was supported by substantial evidence and that remand is not warranted because the new evidence presented by Plaintiff does not meet materiality requirements.[3]

A.   **The ALJ's RFC Determination Is Supported by Substantial Evidence.**

   1.   **The ALJ Did Not Err By Finding Plaintiff Capable of a Full Range of Light Work.**

Plaintiff first argues that the ALJ's finding that Plaintiff can perform the exertional demands of a full range of light work is not supported by the evidence, and that the evidence of record supports a lesser RFC. Plaintiff argues that, although his initial fracture healed, the medical record – a clinic note from Saqib Rehman, MD, dated December 29, 2005 – demonstrates that he continued to suffer from weakness of the left leg, contributing to abnormal gait, and atrophy of the left leg due to disuse. (See R. 184.) Plaintiff testified at the administrative hearing that he still had difficulty with walking, and could only walk for about fifteen minutes before needing to rest and elevate his leg for about an hour. (R. 43-45.) Thus,

---

[3] Defendant further argues that even if Plaintiff could not perform light work and was limited to sedentary work, requiring only two hours of standing and/or walking per workday, the ALJ would still have found that Plaintiff was not disabled at step five. Defendant argues that there is therefore no need to remand because remand would not lead to a different result. See Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); see also Lett v. Barnhart, No. 02-2801, 2003 U.S. App. LEXIS 9005, at *8 (3d Cir. Apr. 28, 2003) (unpublished) (following the Seventh Circuit in Fisher, 869 F.2d at 1057). Because the court finds that the ALJ's RFC determination that Plaintiff could perform light work was supported by substantial evidence, the court declines to reach Defendant's alternative argument.

due to the atrophy in his leg, Plaintiff argues that he is not able to perform substantially all of the requirements of light work, including standing and/or walking up to six hours in an eight-hour workday. See 20 C.F.R. §§ 404.1567(b), 416.927(b); SSR 83-10.  He contends that the ALJ did not provide any analysis of the impact of Plaintiff's atrophy on his ability to stand and/or walk, and further that no medical opinion supports it.

Defendant counters that the ALJ's RFC determination is supported by substantial evidence and was based on the record as a whole, including objective medical evidence, Plaintiff's lack of treatment for about an eight-month period between April and December of 2005, and the state agency claims adjudicator's RFC assessment. (See R. 18-21.)  Defendant is correct that the court cannot ignore the entirety of the evidence considered by the ALJ and reverse the ALJ's RFC finding based solely on Dr. Rehman's note, especially where the ALJ considered the note and Dr. Rehman did not mention limitations as to standing and/or walking. (See R. 184.)

The ALJ's findings did account for Dr. Rehman's December 29, 2005 note, (R. 184), as well as a report from Plaintiff's prior doctor's visit on April 6, 2005, (R. 186), stating:

> On February 10, 2005, Dr. [Bruce] Vanett reported that the claimant had a well healing left acetabulum and left tibial plateau.  He noted that the claimant had missed about four to five weeks of physical therapy.  Dr. Vanett saw the claimant again on April 6, 2005 and reported that the claimant had no pain with range of motion of his left knee and he was able to internally and to externally rotate his left hip without pain.  Dr. Vanett noted a rash along the lateral aspect of his leg in a circular pattern and prescribed Keflex  Dr. Vanett reported that the claimant should return in one week if the rash was not better and if the rash had improved he was to return in approximately six weeks for further evaluation.  However, the claimant did not return for over eight months until December 29, 2005 when he saw [Dr. Rehman].  Dr. Rehman indicated that his x-rays showed healing of the tibial plateau fracture as well as his acetabulum fracture and there was good position of the hardware.  He further indicated that there appeared to be minimal

>joint space narrowing in the left hip. At that examination, the claimant was reported to be doing well clinically but *did have weakness and muscle atrophy in his left lower extremity*. Dr. Rehman reported that the claimant did not have very significant circumduction gait but he *had some weakness in the lower extremity that contributed to his abnormal gait pattern*. Dr. Rehman further indicated that the claimant had an excellent range of motion in his left hip. . . .
>
>Notably, the claimant had an eight and one-half month gap in treatment with Temple University Hospital Department of Orthopaedic Surgery where Dr. Vanett and Dr. Rehman practiced. . . . [H]e did not seek any other medical care during this gap in treatment [including physical therapy] and it can only be concluded that he was feeling pretty well, as least well enough that he did not feel he required medical treatment. . . . His examinations on *April 6, 2005 and December 29, 2005 do not preclude the performance of light level work.*

(R. 20-21 (emphasis added).)

The ALJ thus clearly considered the December 29, 2005 medical report of weakness and atrophy of Plaintiff's left leg. In assessing this report, the ALJ also considered Plaintiff's failure to seek medical treatment for over eight months or show up to physical therapy appointments, (R. 21, 188, 210-212), indicating that Plaintiff did not require or believed he did not require medical treatment. The ALJ's conclusion is well-founded, that is, a person with the type of limitations claimed by Plaintiff, such as being unable to walk for fifteen minutes without resting for one hour, would not have waited over eight months to seek medical treatment, without explanation. The absence in the December 29, 2005 medical report of any limitation as to standing or walking further reinforces the ALJ's finding that the report did not preclude the performance of light work. (See R. 184.) The ALJ, therefore, provided adequate explanation for his finding that the relevant medical reports did not preclude the performance of light level work.

Plaintiff argues that the ALJ's RFC determination can *only* stand if a medical report explicitly states that Plaintiff could perform activities consistent with the definition of light work.

The cases that Plaintiff relies on for this contention, Doak v. Heckler, 790 F.2d 26, 29 (3d Cir. 1986) and Carter v. Apfel, 220 F. Supp. 2d 393, 398 (M.D. Pa. 2000), are inapposite because in both cases, the medical reports specifically described the plaintiff's ability to walk and/or stand or assessed the level of work the plaintiff could perform, for which the ALJ did not adequately account.  None of the more recent medical reports upon which the ALJ properly relied here assessed Plaintiff's ability to walk or stand, or the level of work that he could perform.  In addition, a medical opinion is one piece of evidence to evaluate in formulating the RFC, but is not necessarily controlling.  20 C.F.R. §§ 404.1527(d), 416.927(d); cf. Mays v. Barnhart, 78 Fed. Appx. 818, 813 (3d Cir. 2003) (unpublished) (finding that the ALJ is not required to seek a separate expert medical opinion in making a RFC determination) (citing 20 C.F.R. §§ 404.1527(e), 404.1546(c)).  The notation of muscle atrophy is consistent with the ALJ's RFC finding.  The court finds that the ALJ's RFC determination was supported by substantial evidence.

### 2. The ALJ Did Not Err by Giving Considerable Weight to the State Agency Adjudicator.

The ALJ found state agency assessment to be entitled to considerable weight and supported by the overall record.  (R. 20.)  It is undisputed that the assessment was by a claims adjudicator, who was lay personnel and was not an "acceptable source," as defined in 20 C.F.R. §§ 404.1513 and 416.913.  Plaintiff argues that because the assessment was by a claims adjudicator, who was not an "acceptable source," the assessment was not entitled to considerable weight.  Plaintiff further argues that the ALJ relied solely on lay state agency assessment and

9

therefore his decision did not have a medical basis.

In addition, Plaintiff takes issue with the state agency assessment's time frame. The state agency claims adjudicator evaluated Plaintiff on March 24, 2005, four months after the accident. (R. 176-81.) Plaintiff argues that the state claims adjudicator projected what he thought Plaintiff's RFC would be as of November 16, 2005, a year after his injuries, without considering the impact of Plaintiff's atrophy. (See id.) Plaintiff contends that Dr. Vanett's April 6, 2005 report, which states in part that Plaintiff was only partially weight bearing on the left lower extremity, (R. 186), and Dr. Rehman's December 29, 2005 report, noting weakness and muscle atrophy in left lower extremity, (R. 184), rendered the state agency assessment stale. Plaintiff argues that not only did the ALJ err in relying on this stale assessment, but also that the ALJ erred in failing to explain why he would rely on a stale RFC assessment without explaining how later clinical findings supported it.

Plaintiff's arguments are without merit. As discussed above, the court finds that the ALJ's RFC determination was based on all of the evidence in the record, not only on the state agency assessment, and is supported by substantial evidence. Defendant correctly argues that the ALJ is required to consider all of the evidence of record, including any state agency RFC assessment by a non-acceptable source, when formulating the RFC. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). By inference, the ALJ's determination that the state agency RFC assessment was consistent with the entirety of the evidence in the record is similarly supported by substantial evidence. Regarding the time frame issue, the ALJ properly evaluated the state agency RFC assessment in light of the subsequent medical evidence, including the April 6, 2005 and December 29, 2005 medical reports, as is clear from the language in the ALJ's finding

discussed above.  (See R. 20-21.)

**B.     Remand for Consideration of New and Material Evidence Is Not Warranted Because the Evidence at Issue Is Not Material.**

Plaintiff argues in the alternative that this case should be remanded to the Commissioner for consideration of new and material evidence, pursuant to the sixth sentence of 42 U.S.C. § 405(g).  Plaintiff asserts that, on or about April 25, 2006, and before the ALJ's June 5, 2006 decision, Plaintiff submitted to the Commissioner a letter from Comprehensive Sports Care Specialists dated April 14, 2006.  (See Pl.'s Br. & Statement of Issues in Supp. of Request for Review, Ex. A.)  This letter was not mentioned in the ALJ's decision or included in the administrative transcript.  Plaintiff argues that remand is necessary for consideration of this letter by the Commissioner.

Sentence six of Section 405(g) provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g).

To support a remand under sentence six of 42 U.S.C. § 405(g), the plaintiff must show that: (1) the evidence is new and "not merely cumulative of what is already in the record"; (2) the evidence is material, meaning that it is relevant and probative; (3) to be material, there must be "a reasonable possibility that the new evidence would have changed the outcome" of the Commissioner's decision; and (4) there is good cause for the plaintiff not having incorporated the new evidence into the administrative record.  Szubak v. Sec'y Health & Human Servs., 745 F.2d

831, 833 (3d Cir. 1984).  In addition, the new evidence must relate to the time period for which benefits were denied.  Id.  The burden of showing that there is a "'reasonable possibility' of reversal sufficient to undermine confidence in the prior decision" is not great; although the showing is more than minimal, it need not meet the preponderance test.  Newhouse v. Heckler, 753 F.2d 283, 287 (3d Cir. 1985).  "[I]t is adequate if the new evidence is material and there is a reasonable possibility that it is sufficient to warrant a different outcome."  Id.

      Plaintiff argues that the April 14, 2006 Comprehensive Sports Care Specialists letter is new and not cumulative, because it shows that Plaintiff continued to suffer from limitations in his ability to stand and walk due to atrophy in his leg.  The letter states: "Patient presents with deficits of decreased range of motion, decreased strength, decreased flexibility, with pain.  Deficits do inhibit functional activities that require strength of the left leg, such as squatting, running, and jumping."  (Pl.'s Br. & Statement of Issues in Supp. of Request for Review, Ex. A.)

      Defendant does not argue that the letter is merely cumulative.  Rather, Defendant counters that this evidence is not new because it was Plaintiff's burden to produce it and the ALJ did not receive it prior to his decision.  Evidence is not new if it was "in existence or available to the claimant at the time of the administrative proceeding."  Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990).  Although the April 14, 2006 letter was available to Plaintiff before the ALJ issued his decision, this case justifies an exception to the rule because Plaintiff made a good faith effort to deliver it to the Commissioner and, unbeknownst to Plaintiff at the time and for reasons unknown, the letter was not received into the record or considered by the ALJ.  Absent evidence of bad faith on Plaintiff's part, the court considers the April 14, 2006 letter as new evidence.

Plaintiff next argues that the evidence is material because the letter is relevant and probative to the ALJ's RFC finding and denial of benefits. Plaintiff posits that it is at least reasonably possible that the new evidence would have changed the outcome of the Commissioner's decision. He argues that the letter shows that Plaintiff continued to have difficulty with standing and walking seventeen months after the accident, and therefore demonstrates that the ALJ's full range of light work RFC finding was improper.

The court concludes that the April 14, 2006 treatment note is not material because a reasonable possibility does not exist that the new evidence would have changed the outcome of the Commissioner's decision. See Newhouse, 753 F.2d at 287; Szubak, 745 F.2d at 833. The April 2006 letter does not support Plaintiff's claim of significant atrophy of the left leg. The letter does not state that Plaintiff's symptoms in the left leg resulted in any standing or walking limitations. Instead, the letter noted "deficits of decreased range of motion, decreased strength, decreased flexibility, with pain," that "inhibit functional activities that require strength of the left leg such as *squatting, running, and jumping*." (Pl.'s Br. & Statement of Issues in Supp. of Request for Review, Ex. A (emphasis added).) These functional activities – squatting, running, and jumping – are not required for the performance of light work. 20 C.F.R. §§ 404.1567, 416.967; Social Security Ruling 83-10, 1983 SSR LEXIS 30, at *13-14. The April 2006 letter is consistent with the December 2005 report, which, although noting weakness and atrophy in the left lower extremity, did not contain any limitations as to walking or standing, (R. 184).

Because the April 2006 treatment note indicates that Plaintiff's deficits resulted in running limitations, but not standing or walking limitations, the treatment note would not have reasonably changed the ALJ's decision that Plaintiff could perform the standing and/or walking

13

requirements of light work.  Plaintiff therefore has failed to meet the materiality requirement for remand, and remand is not warranted.

### VI.  Conclusion

For the foregoing reasons, Plaintiff's Request for Review is denied.  An appropriate order follows.